UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| **JAMES SEXTON,** § § § § § § § § § § § | **Civil Action No.:** 15-589 |
| Plaintiff, | |
| v. | |
| **CREDIT ONE BANK,** | **JURY TRIAL DEMANDED** |
| Defendants. | |

## COMPLAINT

JAMES SEXTON ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CREDIT ONE BANK ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendants conduct business in the State of Texas, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in San Antonio, Texas 78211.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a mortgage servicer with its headquarters located at 585 Pilot Road, Las Vegas, Nevada 89119.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. Plaintiff has a cellular telephone number that he has had for several months.

11. Plaintiff has only used this number as a cellular telephone number.

12. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

13. Beginning in or around early June 2015, Defendant called Plaintiff on his cellular telephone on a repetitive and continuous basis.

14. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

15. Defendant's automated messages identified its company name as the caller.

16. Defendant's telephone calls were not made for "emergency purposes."

17. Plaintiff disputes having ever provided Defendant consent to call his cellular telephone, as when he filled out Defendant's application, he provided only his home telephone number.

18. In one conversation in which Plaintiff was able to speak to a live representative, he informed Defendant that his wife had just suffered a stroke, and as such, needed his cellular line open at all times to receive calls from doctors and other medical professionals.

19. Due to Plaintiff's wife's severe condition, Plaintiff revoked any pervious consent that may have been given to contact him on his cellular telephone number in early June 2015.

20. Defendant acknowledged Plaintiff's request, yet refused stating "We'll keep calling."

21. Despite Plaintiff's enduring hardship as stated above, Defendant persisted in calling Plaintiff, and at times his ailing wife, at a sustained frequency through at least mid July 2015.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

24. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

25. Defendant's calls to Plaintiff were not made for emergency purposes.

26. Defendant's calls to Plaintiff, after early June 2015, were not made with Plaintiff's prior express consent.

27. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff and his ailing wife.

28. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

29. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, JAMES SEXTON, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

    c. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

    e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JAMES SEXTON, demands a jury trial in this case.

                                                    Respectfully submitted,

Dated: July 17, 2015
                        By: /s/ Amy L. Bennecoff Ginsburg
                                  Amy L. Bennecoff Ginsburg
                                  Kimmel & Silverman, P.C.
                                  30 East Butler Pike
                                  Ambler, Pennsylvania 19002
                                  Phone: (215) 540-8888
                                  Facsimile (877) 788-2864
                                  Email: aginsburg@creditlaw.com