IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMES SEXTON, | § | NO. 5:15-CV-589-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| CREDIT ONE BANK, | § | |
| | § | |
| Defendant. | § | |
| _____ | § | |

ORDER GRANTING MOTION TO COMPEL
ARBITRATION AND DISMISSING CASE WITHOUT PREJUDICE

The matter before the Court is Defendant Credit One Bank's ("Credit One") Motion to Compel Arbitration and Dismiss Action. (Dkt. # 7.) Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing. After careful consideration of the memorandum in support of the motion, the Court, for the reasons that follow, **GRANTS** Plaintiff's motion to compel arbitration and **DISMISSES** the case.

BACKGROUND

On October 19, 2014, Plaintiff applied and was approved for a credit card account with Credit One via Credit One's Internet website. (Dkt. # 8-1 at 2.) The account was assigned a number ending in 3923 ("the Account"). (Id.) According to Credit One, the Account is governed by a Visa/Mastercard

Cardholder Agreement, Disclosure Statement and Arbitration Agreement ("the Agreement"), which was enclosed with Plaintiff's credit card when it was mailed to him at the address he provided on the online application. (Id.; Dkt. # 8-3.) According to Credit One, Plaintiff accepted the terms and conditions in the Agreement "by requesting, receiving, signing and using his credit card, as described in the Agreement." (Dkt. # 8-1 at 2.) Credit One contends that Plaintiff began using his credit card and receiving monthly billing statements, but that Plaintiff has not made any payments on his account since April 18, 2015. (Id.; Dkt. # 8-4.) The unpaid balance on Plaintiff's account is $465.20. (Dkt. # 8-1 at 2.)

On July 17, 2015, Plaintiff filed suit in this Court alleging that Credit One violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), when it placed calls to Plaintiff's cellular phone regarding the Account. (Dkt. # 1.) Plaintiff alleges that he incurred charges on his phone for each call that Credit One made and that the calls were made on a repetitive and continuing basis via an automatic telephone dialing system or via pre-recorded messages. (Id.)

On September 15, 2015, Credit One filed a motion to compel arbitration and dismiss the action, arguing that Plaintiff is required to submit his claims to binding arbitration in accordance with the arbitration clause contained in the Agreement. (Dkt. # 7.) Plaintiff did not file an opposition to the motion.

## LEGAL STANDARD

Under the Federal Arbitration Act ("FAA"), "[a] written provision in . . . a contract to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  The FAA "expresses a strong national policy favoring arbitration of disputes, and all doubts concerning the arbitrability of claims should be resolved in favor of arbitration."  Primerica Life Ins. Co. v. Brown, 304 F.3d 469, 471 (5th Cir. 2002).

The Fifth Circuit employs a two-step analysis to determine whether the parties have agreed to arbitrate a dispute.  Sherer v. Green Tree Servicing LLC, 548 F.3d 379, 381 (5th Cir. 2008) (citations omitted).  First, a court must ask if the parties agreed to arbitrate the dispute.  Webb v. Instacorp., Inc., 89 F.3d 252, 258 (5th Cir. 1996).  This determination requires consideration of whether a valid agreement to arbitrate exists among the parties and whether the dispute is within the scope of the arbitration agreement.  Id.  In making this determination, courts should generally apply "ordinary state-law principles that govern the formation of contracts," but must give due regard to the federal policy favoring arbitration and resolve any ambiguities as to the scope of the arbitration clause itself in favor of arbitration.  Id.  Once a court determines that the parties agreed to arbitrate, the court must assess whether any legal restraints external to the agreement foreclose

arbitration of the dispute.  OPE Int'l L.P. v. Chet Morrison Contractors, Inc., 258 F.3d 443, 445–46 (5th Cir. 2001).

## DISCUSSION

The Agreement between Plaintiff and Credit One states that "[t]his Agreement, together with the application you previously signed and the enclosed Arbitration Agreement, governs the use of your [credit card] issued by Credit One Bank, N.A." (Dkt. # 8-3 at 2.)  The Agreement also contains an arbitration provision which states, in relevant part, that "[y]ou and we agree that either you or we may, without the other's consent, require that any controversy or dispute between you and us (all of which are called 'Claims'), be submitted to mandatory, binding arbitration."  (Id. at 6.)  Claims covered by the arbitration provision include "disputes relating to the establishment, terms, treatment, operation, handling, limitations on or termination of your account; any . . . communications relating to your account; . . . billing, billing errors, credit reporting, the posting of transactions, payments or credits, or collections matters relating to your account; . . . ."  (Id.)  The arbitration provision also states that "[a]ny questions about what Claims are subject to arbitration shall be resolved by interpreting this arbitration provision in the broadest way the law will allow it to be enforced."  (Id.)

The first step of the inquiry is met—a valid arbitration agreement exists and Plaintiff's TCPA claims fall within the scope of that agreement.  As

attachments to its motion, Credit One provided the affidavit of Gary Harwood, the Vice President of Collections at Credit One and the Agreement which contains the arbitration provision.  (Dkt. # 8-1.)  Harwood's affidavit states that Credit One sent Plaintiff the Agreement when it mailed him the credit card, and that Plaintiff accepted the terms of the Agreement "by requesting, signing and using his credit card, as described in the Agreement." (See Dkt. # 8-1 at 2.)  "A party may prove the existence and execution of the arbitration agreement by attaching to its motion to compel an affidavit proving up the agreement and stating that the nonmovant entered into the agreement." Rodgers-Glass v. Conroe Hosp. Corp., No. H-14-3300, 2015 WL 4190598, at *5 (S.D. Tex. July 10, 2015).

    Additionally, there is no dispute by either party that Plaintiff used the credit card; by using the credit card and making purchases on credit, Plaintiff consented to the terms of the Agreement, including its arbitration provision.  See Herrington v. Union Planters Bank, N.A., 113 F. Supp. 2d 1026, 1032 (D. Miss. 2000), aff'd by unpublished op., 265 F.3d 1059 (5th Cir. 2001) (bank depositors accepted arbitration agreement by executing signature card containing agreement to be bound by changes to deposit agreement, receiving notice, and continuing to use account although they did not sign subsequent agreement containing arbitration provision).

Accordingly, the Court finds that the parties agreed to arbitrate Plaintiff's TCPA claims because there is a valid arbitration agreement and the claims are covered under the arbitration provision of the Agreement.  Plaintiff's TCPA claims arise out of phone calls relating to Plaintiff's account.  The arbitration provision covers "communications relating to [Plaintiff's] account" and "collections matters relating to [Plaintiff's] account."  (See Dkt. # 8-3 at 6.)  Therefore, the parties agreed to arbitrate Plaintiff's TCPA claims because they fall squarely within the language of the Agreement.

Since the Court has determined that the parties agreed to arbitrate, the next step of the inquiry considers whether any legal constraints exist external to the Agreement that would render the arbitration provision unenforceable.  These constraints may include unconscionability, duress, fraudulent inducement, revocation, and other defenses to contract formation.  Rodgers-Glass, 2015 WL 4190598 at *8.  Plaintiff did not respond to Credit One's motion to compel arbitration and the Court's review of the record does not indicate that any obvious legal constraints exist.  Therefore, arbitration should be compelled in this case.

The FAA provides that when a court properly and mandatorily refers claims to arbitration it shall stay the case until arbitration is complete.  However, "[t]he weight of authority clearly supports dismissal of the case [as opposed to staying the suit] when all of the issues raised in the district courts must be

submitted to arbitration." Rodgers-Glass, 2015 WL 4190598 at 8 (quoting Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992)).  In this case, all of Plaintiff's claims are subject to mandatory arbitration and the Court therefore chooses dismissal as the appropriate procedure.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Credit One's Motion to Compel Arbitration (Dkt. # 7), **CANCELS** the hearing on the motion, and **DISMISSES** the case **WITHOUT PREJUDICE** so Plaintiff may pursue the case in arbitration in accordance with the terms of the arbitration agreement.

**IT IS SO ORDERED.**

**DATED**: San Antonio, Texas, January 4, 2016.

_____
David Alan Ezra
Senior United States Distict Judge